IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JEROME JOHNSON,                        )
                                       )
       Petitioner,              )
                                       )
       v.                       )    1:18CV778
                                       )
KENNETH LASSITER,                      )
                                       )
       Respondent.              )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jerome Johnson, a prisoner of the State of North Carolina, brought a Petition [Doc. #1] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 5, 2016, Petitioner was convicted of attempted trafficking of cocaine, possession of drug paraphernalia, possession of stolen goods, possession with intent to sell and/or deliver cocaine within 1000 feet of a school, two counts of resisting an officer, and attaining habitual felon status. Pursuant to his plea agreement, he received a consolidated sentence of 87-117 months of imprisonment. Petitioner also reserved the right to appeal the trial court's denial of a suppression motion challenging the search and seizure that recovered evidence against him based on an alleged violation of the Fourth Amendment of the United States Constitution. Petitioner did pursue that appeal, which ended unsuccessfully for him. State v. Johnson, No. COA17-412, 2018 WL 710045 (N.C. App.), rev. denied, 813 S.E.2d 236 (N.C. 2018). He then filed his current Petition, which raises only a single claim for relief asserting that the state courts incorrectly ruled on his suppression motion and his appeal of that motion.

In response to the Petition, Respondent filed a Motion for Summary Judgment [Doc. #4] asserting that Petitioner's claim is barred from review in this Court. Respondent is correct. Petitioner seeks to raise a search and seizure claim under the Fourth Amendment. This Court cannot consider that claim on its merits because the United States Supreme Court has ruled that habeas corpus relief is unavailable for challenges of this sort "where the State has provided an opportunity for full and fair litigation of [the] Fourth Amendment claim." Stone v. Powell, 428 U.S. 465, 482 (1976); see also Grimsley v. Dodson, 696 F.2d 303, 304 (4th Cir. 1982) (observing that Stone "marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in state court"). Here, Petitioner not only had an opportunity to litigate any Fourth Amendment claim in the trial court, he fully litigated that claim in the trial court and on appeal. He lost and cannot challenge that loss in a habeas action in this Court. Respondent's Motion should be granted based on Stone v. Powell.

IT IS THEREFORE RECOMMENDED that Respondent's Motion for Summary Judgment [Doc. #4] be granted, that the Petition [Doc. #1] be denied, and that this action be dismissed.

This, the 2nd day of July, 2019.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge

2

Case 1:18-cv-00778-LCB-JEP   Document 10   Filed 07/02/19   Page 2 of 2